Ronald I. Raether, Jr. (rraether@ficlaw.com) (pro hac vice)
Jeffrey S. Sharkey (jsharkey@ficlaw.com) (pro hac vice)
John A. Fischer (jfischer@ficlaw.com) (pro hac vice)
FARUKI IRELAND & COX P.L.L.
10 N. Ludlow Street
500 Courthouse Plaza, S.W.
Dayton, Ohio 45402

Michael J. Cereseto, State Bar No. 26711
mcereseto@buchalter.com
BUCHALTER NEMER, A PROFESSIONAL CORPORATION
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA  90017-2457
Telephone:  (213) 891-0700
Facsimile:   (213) 630-5665

Attorneys for Defendant Swoozie's, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONJA KLIMP, on behalf of herself and all others similarly situated,<br><br>          Plaintiffs,<br><br>v.<br><br>SWOOZIE'S, INC., et al.,<br><br>          Defendants. | CASE NO. CV07-06655 ODW (JCx)<br><br>**STIPULATED PROTECTIVE ORDER** |

**TO THE HONORABLE COURT:**

　　　　1.　　**STIPULATION**

　　　　The parties, plaintiff Sonja Klimp ("Plaintiff"), and Defendant Swoozie's, Inc. ("Swoozie's"), through their respective undersigned counsel of record, stipulate to the following Protective Order.  Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.

Plaintiff has brought a claim against Swoozie's for violation of the Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C. § 1681c(g), for printing the expiration date of Plaintiff's credit card on the receipt provided to Plaintiff at the point of sale.

Plaintiff has propounded discovery to Swoozie's that includes requests for the production of vendor and banking contracts, correspondence, internal company policies and procedures manuals, and other related private and proprietary information that the parties agree should be kept confidential during pre-trial discovery proceedings. In addition, Swoozie's anticipates that its defense to Plaintiff's Motion for Class Certification will necessitate the disclosure of certain confidential and proprietary financial information, including Swoozie's net worth. Swoozie's is a privately-held company that is not required to disclose its financial information. Swoozie's considers this information highly confidential and believes that disclosure will expose Swoozie's to a competitive disadvantage. Accordingly, for good cause shown, the parties have agreed to the following protective order. Disclosure of the confidential material defined in this protective order will subject the parties to a competitive disadvantage, expose personal or financial material without protection, or potentially violate confidentiality agreements to which the parties are signatories.

2. <u>DEFINITIONS</u>

2.1. <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2. <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter, or

filed in any motion briefing, including but not limited to Plaintiff's Motion for Class Certification. This protective order does not restrict the dissemination of information if gained from other sources.

2.3. <u>"Confidential" Information or Items:</u> information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R. Civ. P 26(c), including but not limited to bank statements, customer sales information, vendor contracts and sales documentation that includes pricing and quantities sold, banking contracts and correspondence, internal company policies and procedures manuals, financial statements and other related private and proprietary information.

2.4. <u>"Highly Confidential — Attorneys' Eyes Only" Information or Items:</u> extremely sensitive "Confidential Information or Items," the disclosure of which would create a substantial risk of serous injury that could not be avoided by less restrictive means.

2.5. <u>Receiving Party:</u> a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6. <u>Producing Party:</u> a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7. <u>Designating Party:</u> a Party or non-party that designates information or items that it produces in disclosure or in responses to discovery as "Confidential" or "Highly Confidential —Attorneys Eyes Only.

2.8. <u>Protected Material:</u> any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential — Attorneys' Eyes Only."

2.9. <u>Outside Counsel:</u> attorneys who are not employees of a Party.

2.10. <u>House Counsel:</u> attorneys who are employees of a Party.

///

2.11.  <u>Counsel</u> (without qualifier):  Outside Counsel and House Counsel (as well as their support staffs).

2.12.  <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13.  <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing; storing, retrieving data in any form or medium; <u>etc</u>.) and their employees and subcontractors.

3.   <u>SCOPE</u>

The protections conferred by this protective order cover information exchanged in discovery, through motion practice, and any other proceeding in this case.

4.   <u>DURATION</u>

This protective order will remain in effect during the pendency of this litigation.

5.   DESIGNATING PROTECTED MATERIAL

5.1.  <u>Exercise of Restraint and Care in Designating Material for Protection.</u>  Each Party or non-party that designates information or items for protection under this protective order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating

1  Party must take care to designate for protection only those parts of material,
2  documents, items, or oral or written communications that qualify — so that other
3  portions of the material, documents, items, or communications for which protection
4  is not warranted are not swept unjustifiably within the ambit of this protective
5  order.
6        Mass, indiscriminate, or routinized designations are prohibited.
7  Designations that are shown to be clearly unjustified, or that have been made for an
8  improper purpose (e.g., to unnecessarily encumber or retard the case development
9  process, or to impose unnecessary expenses and burdens on other parties), expose
10 the Designating Party to sanctions.
11       If it comes to a Party's or a non-party's attention that information or
12 items that are designated for protection do not qualify for protections at all, or do
13 not qualify for the level of protection initially asserted, that Party or non-party must
14 promptly notify all other parties that it is withdrawing the mistaken designation.
15       5.2.   **Manner and Timing of Designations.**  Except as otherwise
16 provided in this Order (e.g., second paragraph of section 5.2(a), below), or as
17 otherwise stipulated or ordered, material that qualifies for protection under this
18 protective order must be clearly so designated before the material is disclosed or
19 produced.
20       Designation in conformity with this protective order requires:
21       (a)   **for information in documentary form** (apart from
22 transcripts of depositions or other pretrial or trial proceedings), that the Producing
23 Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL —
24 ATTORNEYS' EYES ONLY" at the top of each page that contains protected
25 material or on the first page of a multi-page document.  If only a portion or portions
26 of the material on a page qualifies for protection, the Producing Party also must
27 clearly identify the protected portion(s) (e.g., by making appropriate markings in
28 ///

the margins) and must specify, for each portion, the level of protection being asserted (either 'CONFIDENTIAL" or 'HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY").

   A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed 'HIGHLY CONFIDENTIAL —ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this protective order, then, and before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL —ATTORNEYS' EYES ONLY") at the top of each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portions(s) (e.g., by making appropriate makings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY").

   (b) for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before

1  the deposition or proceeding is concluded) a right to have up to 20 days to identify
2  the specific portions of the testimony as to which protection is sought and to specify
3  the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY
4  CONFIDENTIAL — ATTORNEYS' EYES ONLY.")  Only those portions of the
5  testimony that are appropriately designated for protection within the 20 days shall
6  be covered by the provisions of this protective order.

7  Transcript pages containing Protected Material must be separately
8  bound by the court reporter, who must affix to the top of each such page the legend
9  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES
10 ONLY," as instructed by the Party or non-party offering or sponsoring the witness
11 or presenting the testimony.

12  (c)  <u>for information produced in some form other than
13 documentary, and for any other tangible items,</u> that the Producing Party affix in a
14 prominent place on the exterior of the container or containers in which the
15 information or item is stored the legend "CONFIDENTIAL" or "HIGHLY
16 CONFIDENTIAL — ATTORNEYS' EYES ONLY."  If only portions of the
17 information or item warrant protection, the Producing Party, to the extent
18 practicable, shall identify the protected portions, specifying whether they qualify as
19 "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES
20 ONLY."

21  5.3.  <u>Inadvertent Failures to Designate</u>.  If timely corrected, an
22 inadvertent failure to designate qualified information or items as
23 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES
24 ONLY" does not, standing alone, waive the Designating Party's right to secure
25 protection under this protective order for such material.  If material is appropriately
26 designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL —
27 ATTORNEYS' EYES ONLY" after the material was initially produced, the
28 ///

1  Receiving Party, on timely notification of the designation, must make reasonable
2  efforts to assure that the material is treated in accordance with the provisions of this
3  protective order.

5        6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS
6          6.1.   Timing of Challenges.  Unless a prompt challenge to a
7  Designating Party's confidentiality designation is necessary to avoid foreseeable
8  substantial unfairness, unnecessary economic burdens, or a later significant
9  disruption or delay of the litigation, a Party does not waive its right to challenge a
10 confidentiality designation by electing not to mount a challenge promptly after the
11 original designation is disclosed.
12         6.2.   Meet and Confer.  A Party that elects to initiate a
13 challenge to a Designating Party's confidentiality designation must do so in good
14 faith and must begin the process by conferring with counsel for the Designating
15 Party.  In conferring, the challenging Party must explain the basis for its belief that
16 the confidentiality designation was not proper and must give the Designating Party
17 an opportunity to review the designated material, to reconsider the circumstances,
18 and, if no change in designation is offered, to explain the basis for the chosen
19 designation.  A challenging Party may proceed to the next stage of the challenge
20 process only if it has engaged in this meet and confer process first.
21         6.3.   Judicial Intervention.  A Party that elects to press a
22 challenge to a confidentiality designation after considering the justification offered
23 by the Designating Party may file and serve a motion under the appropriate Local
24 Rule that identifies the challenged material and sets forth in detail the basis for the
25 challenge. Each such motion must be accompanied by a competent declaration that
26 affirms that the movant has complied with the meet and confer requirements
27 imposed in the preceding paragraph and that sets forth with specificity the
28 ///

justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7.  ACCESS TO AND USE OF PROTECTED MATERIAL

7.1.  Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this protective order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this protective order.

7.2.  Disclosure of 'CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a)  the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached as Exhibit A;

(b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary

for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) experts (as defined in this protective order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this protective order.

(g) the author of the document or the original source of the information.

7.3. Disclosure of "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached as Exhibit A;

///

///

(b)     experts (as defined in this protective order) (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A),

(c)     the Court and its personnel;

(d)     court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

(e)     the author of the documents or the original source of the information.

8.     <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

During the discovery phase of this litigation, if a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this protective order.  In addition, the Receiving Party must deliver a copy of this protective order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this protective order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which

the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

### 9.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this protective order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this protective order, and (d) request such person or persons to execute the "Agreement to Be Bound By Protective Order" that is attached as Exhibit A.

### 10.     FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file Protected Material must do so based upon an application that they be filed under seal.  Such application must comply with the requirements of Local Rule 79-5 and should seek to file only the confidential portions of such documents under seal and based upon the appropriate showing.  Any application to file documents under seal in proceedings before the district judge should be made to the district judge.

///

///

///

## 11. FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

## 12. MISCELLANEOUS

12.1. <u>Right to Further Relief</u>. Nothing in this protective order abridges the right of any person to seek its modification by the Court in the future.

12.2. <u>Right to Assert Other Objections</u>. By stipulating to the entry of this protective order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this protective order. Similarly, no Party waives any right to object

on any ground to use in evidence any of the material covered by this protective order.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated:  March 6, 2008 /s/ Douglas A. Linde
Douglas A. Linde
Chant Yedalian
Erica L. Allen

Dated:  March 6, 2008 /s/ Ronald I. Raether, Jr.
Ronald I. Raether, Jr.
  Trial Attorney
Jeffrey S. Sharkey
John A. Fischer

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED:     March 13, 2008

/s/
Jacqueline Chooljian
United States Magistrate Judge

# **EXHIBIT A**

<u>AGREEMENT TO BE BOUND BY PROTECTIVE ORDER</u>

I, _____ [print or type full name], of _____ _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on March ___, 2008, in the case of <u>Sonja Klimp v. Swoozie's Inc.</u>, Case No. CV 07-06655 ODW (JCx).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as

///

my California agent for service of process in connection with this action or any

proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

# CERTIFICATE OF SERVICE

This is to certify that the foregoing was filed with the Clerk of Court using the CM/ECF which will send notification of such filing to the following counsels of record:

Douglas A. Linde
Chant Yedalian
Erica L. Allen
**THE LINDE LAW FIRM**
9000 Sunset Boulevard, Suite 1025
Los Angeles, California 90069
Email: dal@lindelaw.net; cy@lindelaw.net; eag@lindelaw.net
*Attorneys for Plaintiff, SONJA KLIMP*

　　　/s/ *Michael J. Cereseto*
MICHAEL J. CERESETO, ESQ.
BUCHALTER NEMER
A PROFESSIONAL CORPORATION
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA  90017-2457
Telephone:  (213) 891-0700
Facsimile:   (213) 630-5665